DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JOHN BETHELMIE,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>GLENCORE LTD., and COSMOGONY II, INC.,<br><br>　　　　　　　Defendants. | CASE NO. 1:21-cv-_____<br><br>JURY TRIAL DEMANDED |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Glencore Ltd. ("Glencore"), by its undersigned attorney, hereby files this Notice of Removal of an action brought by Plaintiff John Bethelmie in the Superior Court of the Virgin Islands, Division of St. Croix, Civil No. SX-2021-CV-00638, to the District Court of the Virgin Islands, Division of St. Croix, and expressly reserves all questions and defenses other than that of removal. In support thereof, Glencore respectfully states as follows:

**BACKGROUND AND CITIZENSHIP OF PARTIES**

1.　On or about August 13, 2021, Plaintiff filed a Complaint in the Superior Court of the Virgin Islands, Division of St. Croix, captioned *John Bethelmie v. Glencore Ltd., and Cosmogony II, Inc.,* No. SX-2021-CV-00638 (hereinafter the "Superior Court Action"). *See* Ex. 1, Compl. Glencore received a copy of the pleading setting forth the claim for relief on September 30, 2021.

2.　Plaintiff John Bethelmie alleges that he is a citizen and resident of St. Croix, United States Virgin Islands. *See* Ex. 1, Compl. ¶ 1.

3.　Defendant Glencore is a Swiss corporation with its principal U.S. place of business in New York, NY.

4. Defendant Cosmogony II, Inc. ("Cosmogony") is alleged by Plaintiff to be a U.S. Virgin Islands corporation, with its principal place of business in the U.S. Virgin Islands. *See id.* ¶ 3. It is alleged to be the successor-in-interest to General Engineering Corporation. *Id.*

## GROUNDS FOR REMOVAL

5. This Court has original jurisdiction over civil actions between citizens of different states in which the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

6. The amount-in-controversy requirement is satisfied. Plaintiff alleges he contracted lung disease as a result of exposure to purportedly toxic substances, for which Plaintiff is seeking compensatory and punitive damages. *See* Ex. 1 ¶¶ 6–14, 60(a)–(b). Without conceding liability or the merits of Plaintiff's claims, based on these allegations, the amount in controversy exceeds $75,000.

7. Complete diversity exists among the only parties properly joined in this case: Plaintiff John Bethelmie and Defendant Glencore.

8. As discussed below, the other named Defendant—Cosmogony II, Inc.—has been fraudulently joined by Plaintiff.[1]

9. "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) (quoting *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006)). "'[A] defendant may still remove the action if . . . non-diverse defendants were fraudulently named or joined solely to defeat' federal jurisdiction." *Id.* (alterations in original) (quoting *Briscoe*, 448 F.3d at 216).

---

[1] Glencore is aware of this Court's recent decision in *Paul v. Hess Corp.*, No. 2020-0102-WAL-GWC, (D.V.I. May 25, 2021) (Lewis, J.), ECF No. 29. Glencore is not a party in *Paul*. The facts and circumstances of this case are materially different from those in *Paul*. As discussed below, the evidence shows that Cosmogony II, Inc. is not a viable entity that a plaintiff would seriously pursue in the expectation of a damage recovery.

    **A.**    **Plaintiff Has Fraudulently Joined Cosmogony II, Inc.**

10.    Cosmogony II, Inc. has been named as a defendant in this action, even though Plaintiff lacks a colorable ground for relief against Cosmogony II, Inc., and has no intention to prosecute the action against Cosmogony II, Inc.

    *i.*    *Plaintiff's counsel does not intend to pursue claims against Cosmogony II, Inc. as there is no evidence that it is a viable entity.*

11.    There is no evidence (and none is cited in the Complaint) that Cosmogony II, Inc. has any assets, operations, or revenues. To the contrary, the evidence shows that Cosmogony II, Inc. is nothing but a *pro forma* shell entity. As such, there is no basis under which Plaintiff would seriously intend to devote resources to pursuing claims against it.

12.    There is no evidence (and none is cited in the Complaint) that Cosmogony II, Inc. engages in any activity. It does not have a website, phone number, nor any known physical address, in the Virgin Islands or anywhere else.

13.    All the circumstantial evidence indicates that Cosmogony II, Inc. is not a functioning entity. Submitted herewith as Exhibit 2A is the Affidavit, sworn to May 20, 2021, of Denise Johannes, Director of the Division of Corporation and Trademarks of the Office of the Lieutenant Governor of the Virgin Islands, and the custodian in charge of the corporate records filed with the Government of the Virgin Islands. *See* Ex. 2, Rames Decl., Ex. A, Denise Johannes Aff.

14.    Ms. Johannes attests that "Cosmogony II, Inc., is not considered to be in good standing with the applicable sections of the Virgin Islands Code." *Id.* ¶ 8.

15.    Ms. Johannes attests that Cosmogony II, Inc. has failed to pay its franchise taxes due on June 30, 2017, 2018, 2019, and 2020. *Id.* ¶ 5.

16.     Ms. Johannes attests that Cosmogony II, Inc. has failed to file annual reports for the due dates June 30, 2017, 2018, 2019, and 2020. *Id.* ¶ 6.

17.     Ms. Johannes attests that Cosmogony II, Inc. has failed to file true and exact balance sheets and income statements as of December 31, 2016, 2017, 2018, and 2019. *Id.* ¶ 7.

18.     Ms. Johannes attests that Cosmogony II, Inc. has not submitted the consent of the shareholders and directors for dissolution. *Id.* ¶ 9. Accordingly, as a purely technical matter, it continues to exist as an entity. However, the multiple long-term delinquencies noted by Ms. Johannes are consistent with those of a defunct entity that is no longer operating.

19.     This status is further underscored by Plaintiff's inability to find a proper agent to serve Cosmogony II, Inc.

20.     At Plaintiff's request, the Clerk of the Superior Court has issued a Summons for Cosmogony II, Inc. The Summons is not addressed to any officer, director, employee, or designated agent for service of process of Cosmogony II, Inc. Indeed, none are known or believed to exist. *See* Ex. 3, Cole Decl., Ex. B, Email Correspondence from R.B. Pate to W.B. Cole, dated May 24, 2021.

21.     Rather, as a matter of last resort, the Summons is addressed to the Office of the Lieutenant Governor. Ex. 4, Summons to Cosmogony II, Inc. (August 18, 2021). This has been the only method of service deployed by Plaintiff's counsel in the numerous cases in which it has included Cosmogony II, Inc. as a putative local defendant.[2]

---

[2] *See, e.g.,* Summons for Cosmogony II, Inc. in *Adams v. Glencore*, No. 1:21-cv-248 (D.V.I. July 23, 2021), ECF No. 11; *Brooks v. Glencore*, 1:21-cv-251 (D.V.I. July 23, 2021), ECF No. 12; *Bernadette Cadette v. Glencore*, 1:21-cv-250 (D.V.I. July 23, 2021), ECF No. 11; *Vitalis Cadette v. Glencore*, 1:21-cv-249 (D.V.I. July 23, 2021), ECF No. 11; *Denis v. Hess Corp.*, 1:21-cv-177 (D.V.I. July 23, 2021), ECF No. 38; *Hobson v. Glencore*, 1:21-cv-182. (D.V.I. July 23, 2021), ECF No.24; *John v. Glencore*, 1:21-cv-181 (D.V.I. July 23, 2021), ECF No. 24; *Mathurin v. Hess Corp.*, 1:21-cv-176 (D.V.I. July 23, 2021), ECF No. 33; *Mitchell v. Glencore*, 1:21-cv-179 (D.V.I. July 23, 2021), ECF No. 22; and *Theodore v. Hess Corp.*, 1:21-cv-178 (D.V.I. July 23, 2021), ECF No. 48.

22. While anyone can always serve the Lieutenant Governor, doing so under the circumstances here—where Cosmogony II, Inc. has been delinquent for years in its filings and payments—is a meaningless gesture. Serving the Lieutenant Governor, and no one else, merely highlights that Cosmogony II, Inc. is nothing more than a *pro forma* shell entity. If it were anything more than that, there would be a person or persons associated with Cosmogony II, Inc. who could be served.

23. There are no such persons. In a communication dated May 23, 2021, Ms. Johannes stated: "Per the articles of incorporation that were submitted on November 16, 1978, the resident agent is Joe Kramer of 7B Peter's Rest, Christiansted, VI 00820. Per the certificate of revival that was submitted on October 5, 1987, the resident agent is Glenn Knorr of 55 Mary's fancy, Christiansted, VI 00820. *"There are no resident agent consents forms on file with the division."* Ex. 2, Rames Decl., Ex. B, Email Correspondence from Office of Lieutenant Gov. to K. Rames, dated May 23, 2021 (emphasis added). Accordingly, there is no resident agent for Cosmogony II, Inc.

24. Unsurprisingly, Cosmogony II, Inc. has not appeared in any of the cases in which Plaintiff's counsel has served the company through the Lieutenant Governor. While Plaintiff's counsel has sought and obtained a default judgment in several of those cases[3] (presumably to create the illusion of intent to prosecute), Plaintiff's counsel has yet to execute any of these default judgments on any assets attributable to Cosmogony II, Inc., and has not identified any such assets.

25. Further, on or about October 13, 2021, Plaintiff's counsel served subpoenas on numerous insurance companies, demanding they produce any policies or declarations that the

---

[3] Entry of Default for Cosmogony II, Inc., *St. Rose v. Hess Corp. et al*, No. SX-2021-CV-366 (Super. Ct. V.I. Oct. 21, 2021); Entry of Default for Cosmogony II, Inc., *Jackson v. Hess Corp. et al*, No. SX-2021-CV-365 (Super. Ct. V.I. Oct. 21, 2021).

insurance companies had for the entities Cosmogony II, Inc., General Engineering Corp., or U&W Industrial Supply.  To date, only one insurance company, Theodore Tunick & Company,  has responded, stating:  "After performing a diligent search, Tunick has determined that it does not have any policies or declaration pages for" any of these entities.  *See* Ex. 8, Subpoena Response from Theodore Tunick & Company.

26. In sum, there is no evidence that Cosmogony II, Inc. is anything but a *pro forma* shell entity.  There is no bona fide reason why the Plaintiff's counsel would pursue a *pro forma* shell entity with no realistic chance of recovering on any judgment it might secure.  Cosmogony II, Inc. has been fraudulently joined.

27. It is apparent that Plaintiff has no bona fide intent to prosecute its claims against Cosmogony II, Inc.  Excluding the fraudulently joined defendant, there is diversity, and the case belongs in this Court.

### ii. *Plaintiff's counsel's modus operandi to defeat diversity is naming a local defendant with no intention of pursuing a claim against it.*

28. To provide further context, it is important to point out that this Plaintiff's counsel has named Cosmogony II, Inc. as a putative "local" defendant in at least twenty additional cases brought against Glencore.[4]  The selection of Cosmogony II, Inc. as the putative "local" defendant

---

[4] First Am. Compl., *Adams v. Glencore Ltd. et al*, No. SX-2021-CV-142 (Super. Ct. V.I. Apr. 27, 2021); First Am. Compl., *Brooks v. Glencore Ltd. et al.*, No. SX-2021-CV-348 (Super. Ct. V.I. Apr. 27, 2021); First Am. Compl., *Bernadette Cadette v. Glencore Ltd. et al.*, No. SX_2021-CV-350 (Super Ct. V.I. Apr. 27, 2021); First Am. Compl., *Vitalis Cadette v. Glencore Ltd. et al.*, No. SX-2021-CV-249 (Super. Ct. V.I. Apr. 27, 2021); First Am. Compl., *Denis v. Hess Corp. et al*, No. 1:21-cv-177 (D.V.I.  Apr. 28, 2021), ECF No. 15; First Am. Compl., *Hobson v. Glencore Ltd. et al.*, No. 1:21-cv-182 (D.V.I. Apr. 28, 2021), ECF No. 6; First Am. Compl., *Mathurin v. Hess Corp. et al.*, No. 1:21-cv-176 (D.V.I. Apr. 28, 2021), ECF No. 11; Second Am. Compl., *John v. Glencore et al.*, No. 1:21-cv-181 (D.V.I. May 27, 2021), ECF No. 15; Second Am. Compl., *Mitchell v. Glencore et al.*, No. 1:21-cv-179 (D.V.I. May 27, 2021), ECF No. 17; Second Am. Compl., *Theodore v. Hess Corp.*, No. 1:21-cv-178 (D.V.I. May 27, 2021); Compl., *Laurent v. Glencore, Ltd. et al.*, No. SX-2021-CV-448 (Super. Ct. V.I. June 3, 2021); Compl., *Milligan v. Lockheed Martin Corp. et al.*, No. SX-2021-CV-450 (Super. Ct. V.I. June 4, 2021); Compl., *Oscar v. Glencore Ltd. et al.*, No. SX-2021-CV-453 (Super. Ct. V.I. June 4, 2021); Compl., *Philgence v. Lockheed Martin Corp. et al.*, No. SX-2021-CV-451 (Super. Ct. V.I. June 4, 2021); Compl., *Ramos v. Lockheed Martin Corp. et al.*, No. SX-2021-CV-449 (Super. Ct. V.I. June 3, 2021); Compl., *Burt v. Lockheed Martin Corp.*, No. SX-2021-CV-548 (Super. Ct. V.I. July 15, 2021); Compl., *Hector v. Glencore et al.*, No. SX-2021-CV-546 (Super. Ct. V.I. July 15, 2021); Compl., *Pereira v. Lockheed*

followed two failed attempts by Plaintiff's counsel to include a different putative "local" defendant solely to defeat diversity. Both of those putative local defendants were shown to have been fraudulently joined. Cosmogony II, Inc. is therefore the *third* putative local defendant Plaintiff's counsel has fraudulently joined solely to defeat diversity.

29. On or about January 1, 1998, General Engineering Corporation was merged into U&W Industrial Supply, Inc., with U&W Industrial Supply, Inc. being the surviving corporation. Ex. 5, Cole Decl., ¶ 7, Ex. E.

30. Even though General Engineering Corporation had ceased to exist entirely, and even though that was a matter of public record, this did not deter Plaintiff's counsel from naming General Engineering Corporation as a defendant in order to defeat diversity.[5]

31. "An entity that does not exist cannot be sued." *In re Alumina Dust Claims*, 71 V.I. 443, 459 (Super. Ct. V.I. 2019) (internal citation omitted). Plaintiff had no good faith basis for naming as a defendant a corporation that ceased to exist in 1998, when it was merged into another corporation. *See Campbell v. Bluebeard's Castle Inc.*, No. 2006-67, 2008 U.S. Dist. LEXIS 38750, at *8 (D.V.I. May 12, 2008) (interpreting V.I. Code tit. 13, § 253 "to prevent a merged corporation from being sued after the completion of the merger").

32. Only after Plaintiff's counsel was called to task and confronted with public record evidence did they take any steps to drop General Engineering Corporation as a defendant.

---

*Martin Corp. et al.*, No. SX-2021-CV-549 (Super. Ct. V.I. July 15, 2021); Compl., *Buffong. v. Glencore Ltd. et al.*, No. SX-2021-CV-00639 (Super. Ct. V.I. Sept. 30, 2021); and Compl., *Patrick v. Glencore Ltd. et al.*, No. SX-2021-CV-00640 (Super. Ct. V.I. Sept. 30, 2021).

[5] *See, e.g.*, Compl., *Brooks v. Glencore Ltd., General Engineering Corp., and U&W Industrial Supply, Inc.*, No. SX-2021-CV-348 (Super. Ct. V.I. Apr. 9, 2021); Compl., *Bernadette Cadette v. Glencore Ltd., General Engineering Corp. and U&W Industrial Supply, Inc.*, No. SX-2021-CV-350 (Super. Ct. V.I. Apr. 9, 2021); Compl., *Vitalis Cadette v. Glencore Ltd., General Engineering Corp., and U&W Industrial Supply, Inc.*, No. SX-2021-CV-349 (Super. Ct. V.I. Apr. 9, 2021).

33.     After the naming of General Engineering Corporation as a defendant was exposed as a fraudulent joinder, Plaintiff's counsel began naming GEC LLC as a defendant, in a renewed effort to defeat diversity.[6]  Plaintiff's counsel made conclusory allegations that GEC LLC was the "successor-in-interest" to General Engineering Corporation, despite having no facts to support that allegation.  *See* Ex. 5, Cole Decl., ¶ 10, Ex. H.  Once again, Plaintiff's counsel's gambit was exposed as a fraudulent joinder.

34.     Having fraudulently joined two putative local defendants, Plaintiff's counsel tried again, this time naming Cosmogony II, Inc. as the putative local defendant.  While Cosmogony II, Inc. is the successor-in-interest to General Engineering Corporation, as shown above it is nothing more than a *pro forma* shell entity that no plaintiff would seriously pursue.

35.     The tactic of naming a *pro forma* diversity-destroying defendant in cases against Glencore has been deployed for many years.  In 2011, twenty-two cases were initiated by Thomas Alkon, P.C. against Glencore and other defendants, in which General Engineering Corp. was included as a named defendant in each case.  *See In re: Bauxite Containing Silica Halliday Litig. Series*, No. SX-2015-CV-00097 (V.I. Super. Ct.); *In re: Bauxite Containing Silica Charles Litig. Series*, No. SX-2015-CV-00098 (V.I. Super. Ct.).  In each of those twenty-two cases, General Engineering Corp. was dismissed with prejudice after the time to remove had expired.  *See* Ex. 6,

---

[6] *See* Compl., *Adams v. Glencore Ltd., General Engineering Corp., and GEC LLC*, No. SX-2021-CV-142 (Super. Ct. V.I. Mar. 5, 2021); Compl., *Denis v. Hess Corp., Hess Oil New York Corp.* as successor by merger of *Hess Oil Virgin Islands Corp., Glencore Ltd., General Engineering Corp., and GEC LLC*, SX-2020-CV-930 (Super. Ct. V.I. Dec. 8, 2020); Compl., *Hobson v. Glencore Ltd., General Engineering Corp. and GEC LLC*, SX-2021-CV-087 (Super. Ct. V.I. Feb. 9, 2021); Amended Compl., *John v. Glencore Ltd., General Engineering Corp., and GEC LLC*, SX-2020-CV-910 (Super. Ct. V.I. Dec. 9, 2020); Compl., *Mathurin v. Hess Corp., Hess Oil New York Corp.* as successer [sic] by merger of *Hess Oil Virgin Islands Corp., Glencore Ltd., General Engineering Corp. and GEC LLC*, SX-2020-CV-927 (Super. Ct. V.I. Dec. 8, 2020); Compl., *Mitchell v. Glencore Ltd., General Engineering Corp., and GEC LLC*, SX-2020-CV-179 (Super. Ct. V.I. Dec. 9, 2020); Compl., *Theodore v. Hess Corp., Hess Oil New York Corp.*, as successer [sic] by merger of *Hess Oil Virgin Islands Corp., Lockheed Martin Corp., Glencore Ltd., General Engineering Corp., and GEC LLC*, SX-2020-CV-914 (Super. Ct. V.I. Dec. 3, 2020).

Decl. of Eliot Lauer ("Lauer Decl.") ¶ 6, *Glencore v. Davis, et al.*, No. 1:20-cv-00075 (D.V.I. Feb. 15, 2021), ECF No. 31-8.  The inclusion of General Engineering Corp. as a defendant obstructed removal under 28 U.S.C. § 1441(b), as there was no diversity across the adversary line, which there would have been had General Engineering Corp. not been named as a party.  Ex. 6, Lauer Decl. ¶ 7.

36. In a Declaration recently filed by Mr. Alkon in a related case, Mr. Alkon has admitted that he dismissed all of his cases against General Engineering Corporation for no consideration, and without taking discovery.  Ex. 7, Decl. of Thomas Alkon, Esq., Ex. C, Pl.'s Mot. For Remand, *Hobson v. Glencore*, No. 1:21-cv-0182-WAL-GWC, (D.V.I. May 28, 2021), ECF No. 15-3.  It is therefore apparent that there was never any bona fide basis for naming General Engineering Corporation in the various bauxite product liability lawsuits filed against Glencore, and that General Engineering Corporation was only named in order to destroy diversity.

37. As there was no bona fide claim asserted against General Engineering Corporation in those 22 bauxite cases, there is no bona fide claim against its successor-in-interest Cosmogony II, Inc. in this bauxite case.  If General Engineering Corporation did nothing actionable in those 22 cases, there is no basis to believe (and no factual allegations in the FAC showing) that in this case there is a basis for liability against General Engineering Corporation that could result in a judgment against Cosmogony II, Inc.

38. Whether the named defendant is General Engineering Corporation or Cosmogony II, Inc., the tactic is the same: include the entity as diversity-destroying defendant, with no realistic expectation or desire to pursue it.  Each of these entities has been fraudulently joined.  The case belongs in this Court.

**B.      The other procedural requirements of 28 U.S.C. § 1446 are met.**

39.     Glencore received a copy of the Complaint setting forth the claim for relief on September 30, 2021.  This Notice of Removal is therefore timely.  *See* 28 U.S.C. § 1446(b).

40.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is simultaneously being given to Plaintiff, and a copy of the Notice of Removal will be promptly filed with the Clerk of the Superior Court of the Virgin Islands, Division of St. Croix.

41.     The consent of Cosmogony II, Inc. is not required under the unanimity rule of 28 U.S.C. § 1446(b)(2)(A).  *See Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995) ("The unanimity rule may be disregarded where . . . a defendant has been fraudulently joined.").

42.     Glencore reserves all defenses, including but not limited to all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

## CONCLUSION

Complete diversity exists among the proper, non-fraudulent parties to the above-captioned case, and the amount in controversy exceeds $75,000.  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Glencore is properly removing the case from the Superior Court of the Virgin Islands to the District Court of the Virgin Islands, Division of St. Croix.

WHEREFORE, Glencore hereby removes this action from the Superior Court of the Virgin Islands, Division of St. Croix to this Court, and reserves all defenses.

Dated: November 1, 2021               /s/ Richard H. Hunter
                                      Richard H. Hunter, Esq. (V.I. Bar No. 332)
                                      HUNTER & COLE
                                      1138 King Street, Ste. 3
                                      Christiansted, St. Croix VI 00820
                                      Phone: 340-773-3535
                                      Fax: 340-778-8241
                                      rhunter@huntercolevi.com

                                      *Counsel for Glencore Ltd.*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 1st day of November, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will electronically serve the following File Users:

Korey A. Nelson, Esq.
knelson@burnscharest.com
C. Jacob Gower, Esq.
jgower@burnscharest.com
BURNS CHAREST LLP
365 Canal Street, Ste. 1170
New Orleans, LA 70130

Warren T. Burns, Esq.
wburnes@burnscharest.com
Daniel H. Charest, Esq.
dcharest@burnscharest.com
BURNS CHAREST LLP
900 Jackson Street, Ste. 500
Dallas, TX 75202

J. Russell B. Pate, Esq.
pate@sunlawvi.com
sunlawvi@gmail.com
THE PATE LAW FIRM
PO Box 890
St. Thomas, VI 00804

*Attorneys for Plaintiff*

                                                  /s/ Richard H. Hunter